# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-00579-SCT

*SYLVESTER BRANCH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/07/2006 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | VIRGINIA L. WATKINS |
| | WILLIAM R. LABARRE |
| | JAMES ADAM POWERS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/30/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., DICKINSON AND LAMAR, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case is before the Court on appeal from the Circuit Court of the First Judicial District of Hinds County, where Sylvester Branch was convicted of statutory rape and gratification of lust.  Branch argues that: (1) the trial court erred when it permitted expert testimony as to the credibility of the victim, claiming it to be irrelevant and inadmissable hearsay; and (2) it was reversible error to deny Branch's motion for a directed verdict on the gratification-of-lust charge, as the complained act was incorporated into the statutory-rape

charge. Finding no error, this Court affirms the convictions of statutory rape and gratification of lust.

**FACTS**

¶2.    C.V.[1] alleged that one morning, her father, Branch, entered her room and instructed her to come to his room. C.V. testified that she went to Branch's room, and Branch told her to remove her clothes and get into his bed. C.V. stated that Branch then removed his clothes, and he proceeded to penetrate her vagina with his finger for five or ten minutes. Following this act, C.V. stated that Branch penetrated her vagina with his penis for five or ten minutes. C.V. testified that, after these acts, Branch instructed her to take a shower in his bathroom and tell no one what had happened. C.V. stated that she told her mother about the incidents five days after they occurred. C.V. testified that her mother then called the police and took her to the hospital for an examination.

¶3.    C.V. was referred to the Children's Advocacy Center ("CAC") by the Hinds County Department of Human Services. Bryan Irving, a forensic interviewer with CAC, interviewed C.V. to determine if C.V. needed a referral for further medical attention and to assess her credibility as to the abuse allegations. During the interview, C.V. disclosed details of the abuse and stated that her father, Branch, had raped her.

¶4.    Over objection, Irving testified at trial that C.V. had identified Branch as her rapist. Irving also testified that throughout the interview: 1) C.V. was consistent in identifying

---

[1]The initials C.V. are used to protect the identity of the victim. C.V. was fourteen at the time of trial, but eleven when the events at issue occurred.

2

Branch and reporting the events; 2) C.V. was consistent in telling him what she told others; and 3) C.V.'s demeanor was consistent with the facts she relayed to Irving. C.V. also used numerous contextual details to describe the fondling and rape. Because of C.V.'s consistent and detailed account, Irving stated that C.V.'s allegations were credible. Branch's counsel objected to Irving's statements regarding credibility, arguing that the statements invaded the province of the jury, but the judge overruled the objection.

¶5. At trial, C.V.'s mother, a law enforcement officer with the sex-crimes protection unit, and a physician each provided testimony consistent with the testimony of C.V. and Irving. C.V.'s mother relayed how she had become aware of the abuse and the actions she had taken to get C.V. medical attention. The officer testified that he had interviewed C.V., her mother, and the examining physician. The officer found that C.V. consistently had identified her father as the abuser and consistently had recounted the details of the abuse. The physician performed a sexual-assault examination, and testified that his "findings were suggestive of vaginal penetration."

**PROCEDURAL HISTORY**

¶6. Branch was indicted on charges of statutory rape and gratification of lust, and he was convicted on both counts on March 7, 2006. Branch was sentenced to thirty years imprisonment, with ten years suspended and five years of post-release supervision for statutory rape. For gratification of lust, Branch was sentenced to fifteen years, with five years suspended, to be served concurrently with the statutory-rape sentence. Branch appeals the two convictions and corresponding sentences, arguing that the trial court committed

reversible error when it allowed Irving to testify and when it failed to grant the defendant's directed verdict.

## ANALYSIS

I. **WHETHER THE TRIAL COURT ERRED IN PERMITTING IRVING TO TESTIFY AS TO THE CREDIBILITY OF THE CHILD VICTIM.**

¶7. This Court reviews evidentiary rulings for an abuse of discretion. *Foley v. State*, 914 So. 2d 677, 682-83 (Miss. 2005).

¶8. Branch contends that the trial court abused its discretion by allowing Irving to testify regarding C.V.'s credibility as to the allegations of abuse. Branch argues that Irving was never offered or qualified as an expert pursuant to Rule 702 of the Mississippi Rules of Evidence.[2] Furthermore, Branch contends that Irving admitted he had no first-hand knowledge of the events C.V. related to him. Branch argues that such knowledge is a prerequisite for admission of evidence under Rule 701 of the Mississippi Rules of Evidence.[3] Branch also claims that Irving's testimony usurped the duty of the jury to evaluate C.V.'s credibility. While the trial court permitted Irving's testimony under Mississippi Rule of

---

[2] Pursuant to Rule 702, an expert may provide testimony if "qualified . . . by knowledge, skill, experience, training, or education." Miss. R. Evid. 702. Once qualified, the expert may provide testimony if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*

[3] Pursuant to Rule 701, a lay witness may provide testimony "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Miss. R. Evid. 701.

Evidence 803(4),[4] Branch contends that the primary purpose of the interview was to assess C.V.'s credibility, not to provide medical treatment or a diagnosis.

¶9.     In the court below, Branch failed to object to Irving's testimony pursuant to Rule 701 or Rule 702 of the Mississippi Rules of Evidence.  Therefore, Branch waived the right to appeal this issue. ***Haddox v. State***, 636 So. 2d 1229, 1240 (Miss. 1994).

¶10.    The record reflects that the trial court admitted Irving's testimony, which consisted of C.V. identifying her sexual assailant as her father, under Mississippi Rule of Evidence 803(4).  In ***Jones v. State***, this Court stated "[t]here is a two-part test for admitting hearsay statements under 803(4)." ***Jones v. State***, 606 So. 2d 1051, 1056 (Miss. 1992).  "First, the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment." ***Id***.  The Court further explained that statements "made by a child abuse victim that the abuser is a member of the immediate household are reasonably pertinent to treatment, as treatment encompasses treating emotional and psychological injuries and is relevant to prevention." ***Id.*** at 1056-57 (citation omitted) (ruling that court erred in allowing doctor's testimony of the abuser's identity when the abuser was not part of the immediate household).

---

[4] Pursuant to Rule 803(4), "[s]tatements made for purposes of medical diagnosis or treatment and describing . . . past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof" are not hearsay.  Miss. R. Evid. 803(4). The statements must be "*reasonably pertinent* to diagnosis or treatment, *regardless of to whom the statements are made*, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances substantially indicating their trustworthiness." *Id.* (emphasis added).

¶11.     This Court finds that the trial court did not err in allowing Irving to make statements regarding Branch's identity as the abuser.  The purpose of Irving's interview was to ascertain if C.V. needed *further medical attention* and to judge whether her claims were credible.  C.V. identified Branch as her abuser during the course of the interview, an interview clearly undertaken for the purpose of promoting medical treatment.  Thus, prong one of the ***Jones v. State*** test is satisfied.  ***Id.*** at 1056.

¶12.     As for prong two, the Court in ***Jones*** ruled that a child abuse victim's statement, which identifies an abuser as an immediate household member, is reasonably pertinent to treatment.  ***Id***. at 1056-57.  C.V. identified her biological father, who at the time of the abuse was married to C.V.'s mother and lived in the same household.  As such, C.V.'s statement to Irving is one that a physician would rely upon in providing medical care and therapy pursuant to prong two.  Therefore, Irving's testimony regarding Branch's identity as the abuser was properly admitted under Rule 803(4).

¶13.     Branch also contends that the court improperly allowed Irving to comment on C.V.'s credibility regarding the allegations of abuse.  Branch relies upon ***Hart v. State*** to support his argument that it is disingenuous to suggest that testimony regarding the credibility of a witness is not a comment on veracity.  ***Hart v. State***, 637 So. 2d 1329, 1338 (Miss. 1994).  In ***Hart***, this Court affirmed the trial court's exclusion of a psychologist's testimony when the psychologist stated that it was his opinion that the defendant had acted reasonably. ***Id.*** Specifically, the expert asserted that the defendant "acted justifiably in self-defense." ***Id.*** This Court held that such testimony  invaded the province of the jury because the testimony

was an opinion on the ultimate issue and thus a legal conclusion as to the defendant's state of mind. *Id*. at 1338-40.

¶14.    *Hart* fails to strengthen Branch's argument. Unlike the expert witness in *Hart*, Irving did not assert an ultimate opinion or legal conclusion. Irving testified that he assessed several variables of credibility, including consistency, details, and demeanor, all of which indicated C.V.'s report was credible. Irving never stated that C.V. was telling the truth. Irving merely testified in terms of the criteria that he evaluates in his position as a forensic interviewer with CAC. The jury was given the opportunity to independently evaluate Irving's testimony in conjunction with C.V.'s testimony in order to determine if it believed C.V.'s version of events. Therefore, *Hart* fails to support Branch's contention that Irving's testimony was inadmissible.

¶15.    This Court finds *Hobgood v. State*, 926 So. 2d 847 (Miss. 2006), controls the outcome on this issue. In *Hobgood*, this Court upheld the trial court's decision to allow testimony as to the credibility of a child-abuse victim. *Id.* at 854; *see also Smith v. State*, 925 So. 2d 825, 834-35 (Miss. 2006) (finding that expert testimony was admissible, since it "pertained to the *credibilit*y of the interviews with the girls rather than the girls' *veracity*"). In *Hobgood*, a psychotherapist was asked at trial if he found the child victim credible. *Hobgood*, 926 So. 2d at 854. The expert replied "yes" and explained that the victim's account of the abuse was always consistent and physical evidence supported the child's statements. *Id.*

¶16.    The Court noted that the expert "never stated that the victim was telling the truth." *Id.* The Court found that the "expert explained the consistency of the accounts [the child] made

7

to individuals, at different times, not in the presence of the others, and found them to be credible." *Id.* Furthermore, the Court noted that the jury had the opportunity to evaluate the expert's testimony along with five other witnesses. *Id*. The Court held that allowing the witness's testimony was not error "when viewed in the totality of [the] testimony." *Id*.

¶17. As previously noted, Irving never stated C.V. was telling the truth. Similar to the expert witness in *Hobgood*, Irving testified that C.V.'s statements were credible because C.V. consistently had made the same statements with the same level of detail to various adults. Like *Hobgood*, the jury was given the opportunity to consider Irving's testimony in conjunction with the testimony of various witnesses. Notably, the jury was able to evaluate C.V.'s demeanor when she testified at trial. For the foregoing reasons, the trial court did not abuse its discretion in permitting Irving to testify as to C.V.'s credibility. Therefore, this issue is without merit.

## II. WHETHER THE COURT ERRED IN DENYING BRANCH'S MOTION FOR A DIRECTED VERDICT ON THE GRATIFICATION-OF-LUST CHARGE.

¶18. When this Court reviews a denial of a directed verdict, it applies a de novo standard of review. *Gilmer v. State*, 955 So. 2d 829, 833 (Miss. 2007). "In reviewing a denial of a motion for a directed verdict, if we determine the evidence points in favor of the defendant on any element of the offense such that a reasonable juror could not have found the defendant guilty beyond a reasonable doubt, we must reverse the conviction." *Coleman v. State*, 947 So. 2d 878, 881 (Miss. 2006).

8

¶19. The trial court ruled that the State had put forth evidence that the fondling had occurred at a time separate from the rape, and that the fondling had involved acts different from the rape. Therefore, the trial court denied Branch's motion for directed verdict.

¶20. Branch argues that the trial court erred when it denied his motion for a directed verdict because the statutory-rape charge encompassed the charge of gratification of lust. Branch asserts that the fondling was in furtherance of the actual rape rather than a second offense. Branch supports his argument with *Edwards v. State*, 737 So. 2d 275, 321 (Miss. 1999).

¶21. In *Edwards*, the defendant was charged with two counts of capital murder while engaged in the commission of an armed robbery, and he was charged with one count of armed robbery. *Id.* at 284. On appeal, this Court reversed the armed-robbery conviction, since the "armed robbery was the underlying felony in the capital murder charges." *Id*. The Court held it was double jeopardy to convict the defendant of capital murder with armed robbery as the underlying offense as well as armed robbery. *Id*.

¶22. In order to determine whether statutory rape encompasses gratification of lust, the Court must examine the law regarding double jeopardy and the language of the statutes at issue in this case. The Court has stated the following regarding double jeopardy:

> Double Jeopardy consists of three separate constitutional protections. *White v. State*, 702 So. 2d 107 (Miss. 1997). "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Id.* "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional

9

fact which the other does not." ***Blockburger v. United States***, 284 U.S. 299, 304, 76 L. Ed. 306, 52 S. Ct. 180 (1932).

***Jordan v. State***, 936 So. 2d 368, 374 (Miss. Ct. App. 2005).

¶23.    In ***Jordan***, the defendant forced the victim to perform oral sex. ***Id***. at 370. The defendant then sodomized the victim. ***Id.*** Lastly, the defendant forced the victim to have intercourse with him. ***Id***. The defendant was charged with two counts of sexual battery for the acts of oral sex and sodomy and one count of rape for the forced intercourse. ***Id.*** at 374. The defendant claimed that the sexual battery and rape charges were duplicitous, giving rise to a double-jeopardy violation. ***Id.***

¶24.    In analyzing the defendant's claims, the Court looked at the definition of "sexual intercourse" and found that oral sex and sodomy could never qualify as "'a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female.'" ***Id.*** Furthermore, the Court noted that sodomy and oral sex were two different acts constituting sexual battery. ***Id.*** The Court held that there was no merit to the defendant's claim of double jeopardy because the three charges plainly alleged three distinctly separate acts. ***Id***.

¶25.    Keeping in mind the law of double jeopardy, this Court considers those statutes relevant to gratification of lust and statutory rape, namely, Section 97-5-23 and Section 97-3-65 (Rev. 2006) of the Mississippi Code Annotated. Section 97-5-23 contains the following applicable provision:

> Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual

10

desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent . . . shall be guilty of a felony[.]

Miss. Code Ann. § 97-5-23(1) (Rev. 2006).

¶26.   Section 97-3-65 provides in relevant part:

(1)  The crime of statutory rape is committed when:

. . . .

(b) A person of any age has sexual intercourse with a child who:

(i) Is under the age of fourteen (14) years;

(ii) Is twenty-four (24) or more months younger than the person; and

(iii) Is not the person's spouse.

. . . .

(5) In all cases where the victim is under the age of sixteen (16) years, it shall not be necessary to prove penetration where it is shown the genitals, anus or perineum of the child have been lacerated or torn in an attempt to have sexual intercourse with the child.

(6) For purposes of this section "sexual intercourse" shall mean a joining of the sexual organs of a male and female human being in which the penis is inserted into the vagina of the female.

Miss. Code Ann. § 97-3-65(1)(b), (5), (6) (Rev. 2006).

¶27.   This Court previously has noted that "[t]he lustful touching of a child under fourteen is not necessarily a lesser *included* offense of statutory rape.  Lustful touching is, however, a lesser related offense."  **Richardson v. State**, 767 So. 2d 195, 200 (Miss. 2000) (finding error where trial court refused instruction on "lesser related offense of lustful touching of a child" and granted instruction only for statutory rape).  In discussing the crimes of lustful touching and statutory rape, the Mississippi Court of Appeals has stated:

11

> The Supreme Court recently examined whether there are lesser-included offenses to statutory rape and concluded that there might not be. "The lustful touching of a child under fourteen is not necessarily a lesser *included* offense of statutory rape. Lustful touching is, however, a lesser related offense." ***Richardson v. State***, 767 So. 2d 195, 200 (Miss. 2000). *The elements of a lesser, non-included offense are not all contained in the greater.* Therefore, such an offense is not automatically charged in an indictment charging the greater.

***Pittman v. State***, 836 So. 2d 779, 786 (Miss. Ct. App. 2002) (emphasis added) (court holding that it would not enter judgment for lustful touching of a child where evidence was insufficient to support charge of statutory rape, and lustful touching was not a "clear lesser-included offense to statutory rape").

¶28. As the Court of Appeals aptly has noted, the crime of lustful touching, as set forth in Section 97-5-23, does not contain all the elements of statutory rape, as set forth in Section 97-3-65(1)(b). Notably, the crime of statutory rape contains the element "sexual intercourse," while the crime of gratification of lust involves handling, touching, or rubbing any member of a child. *Compare* Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2006) *with* Miss. Code Ann. § 97-5-23(1) (Rev. 2006). Sexual intercourse requires proof of "the *joining* of the sexual organs of a male and female human being in which the penis of the male is *inserted* into the vagina of the female." Miss. Code Ann. § 97-3-65(6) (Rev. 2006) (emphasis added). While the State does not have to prove penetration in cases where the victim is under sixteen years of age, the State must prove that the "genitals, anus, or perineum of the child have been *lacerated or torn in an attempt to have sexual intercourse* with the child." Miss. Code Ann. § 97-5-23(5) (Rev. 2006) (emphasis added). The crime

12

of gratification of lust does not require any proof of sexual intercourse or proof of a laceration/tearing of the child's genitalia. As such, statutory rape requires proof of an additional element not required by gratification of lust. Pursuant to **Jordan v. State**, there is no double jeopardy in this case because statutory rape requires proof of an additional fact.[5] See **Jordan v. State**, 936 So. 2d 368 (Miss. Ct. App. 2005). Therefore, the trial court properly denied Branch's motion for a directed verdict, as the crime of statutory rape does not encompass the crime of gratification of lust.

## CONCLUSION

¶29. The trial court did not abuse its discretion in permitting the testimony of Bryan Irving. Irving never testified as to whether C.V. was telling the truth. Irving stated only that the allegations were credible based on his professional assessment of various criteria. Additionally, the trial court did not err in the denial of Branch's motion for a directed verdict, as the fondling and the rape were two separate offenses. For these reasons, this Court affirms the trial court's judgment.

¶30. **COUNT 1: CONVICTION OF STATUTORY RAPE AND SENTENCE OF THIRTY (30) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN (10) YEARS SUSPENDED, LEAVING TWENTY (20) YEARS TO SERVE AND FIVE (5) YEARS SUPERVISED PROBATION, AFFIRMED. COUNT II: CONVICTION OF GRATIFICATION OF LUST AND**

---

[5] This Court does not imply that sexual intercourse or proof of an attempt of sexual intercourse are the only additional facts that distinguish the crime of statutory rape from lustful touching. Statutory rape also requires proof that the victim is under fourteen years of age and twenty-four or more months younger than the abuser. See Miss. Code Ann. § 97-3-65(1)(b) § 97-3-65(1)(b) (Rev. 2006). Conversely, Section 97-5-23(1) requires proof that the child is under the age of sixteen and the abuser is above the age of eighteen. Miss. Code. Ann.§ 97-5-23(1) (Rev. 2006) also requires proof of a specific intent, while Section 97-3-65 does not require any proof of intent.

**SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE (5) YEARS SUSPENDED, LEAVING TEN (10) YEARS TO SERVE, AFFIRMED. SENTENCE IN COUNT I SHALL RUN CONCURRENTLY WITH THE SENTENCE IN COUNT II.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**