IRVING, J.,
for the Court.
¶ 1. Dewayne Price was convicted of grand larceny by an Attala County jury. Thereafter, the Attala County Circuit Court sentenced him as a habitual offender to ten years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Price appeals and asserts that there is insufficient evidence to support the verdict and that the verdict is against the overwhelming weight of the evidence.
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
FACTS
¶ 3. On August 8, 2007, Price, Cordarron Buchannon, and David Holmes[1] were in- *584 dieted for “wilfully, unlawfully, feloniously, and intentionally tak[ing] and carrying] away” on July 13, 2007, a green Kawasaki four-wheeler and a red Honda four-wheeler owned by Michael Kuhn. In March 2008, Price went to trial and was convicted of grand larceny.
¶ 4. During trial, the State called several witnesses to testify about the events surrounding the theft of the four-wheelers. Kuhn testified that the night the four-wheelers were stolen, they were stored on his father-in-law’s property in Attala County. According to Kuhn, the perpetrators cut the property fence in two places in order to get to the four-wheelers.
¶ 5. Buchannon testified that on the day of the theft, Holmes called him and told him where some four-wheelers were located. Buchannon stated that later that day, Holmes took him to the exact location. Buchannon further stated that around 11 p.m., he, Holmes, and Price used Buchan-non’s truck to go to Attala County and steal the four-wheelers. According to Bu-channon, once they got to the property where the four-wheelers were located, they had to cut through the property fence to get to the four-wheelers. Buchannon testified that Price helped push the four-wheelers to the truck and that Price helped load the four-wheelers onto the truck. Buchannon stated that they took one four-wheeler to his house and the other one to Price’s house.
¶ 6. Randy Blakely, an investigator with the Attala County Sheriffs Department, testified that the Department had received reports of four-wheelers being taken illegally from Attala County to Holmes County. Deputy Blakely further testified that he learned a four-wheeler was located at Price’s house in Holmes County. According to Deputy Blakely, when he arrived at Price’s house, he saw a green four-wheeler in a wooded area about thirty to forty yards across the street from the house. Deputy Blakely further stated that he noticed that the ignition was missing from the four-wheeler. Deputy Blakely testified that he ran the vehicle identification number on the four-wheeler, which revealed that the four-wheeler belonged to Kuhn.
¶ 7. Holmes testified that he, Buchan-non, and Price went to Attala County and stole two four-wheelers. Holmes stated that Price stayed in the truck and did not help load the four-wheelers onto Buchan-non’s truck. Holmes further stated that he kept the red four-wheeler and that he did not know what happened to the green four-wheeler.
¶ 8. Curtis Price, Price’s brother, testified that he saw Price riding a green four-wheeler around the time of the theft. However, Curtis stated that he believed that the four-wheeler belonged to his cousin’s boyfriend. Eric Price, who is also Price’s brother, stated that in July 2007, he saw Price and his cousin’s boyfriend riding two four-wheelers, one was blue. However, Eric was impeached with a statement that he had given earlier to police in which he said that Price, Buchan-non, and Holmes came to his house with three four-wheelers and that the green four-wheeler was left at the house. Faced with his prior statement, Eric admitted making the statement but explained that he thought at that time the green four-wheeler was one of the ones that was stolen but later discovered that it belonged to his cousin’s boyfriend.
¶ 9. At this juncture in the trial, the State rested. Price made a motion for a directed verdict, but the circuit court denied the motion. During his case-in-chief, Price called his girlfriend, Cassie Wright. Wright testified that she and Price were on their home telephones talking to each other from six o’clock in the evening on the *585 day the four-wheelers were stolen until four o’clock the following morning. Thereafter, Price rested and did not renew his motion for directed verdict.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Evidence

¶ 10. Our supreme court has discussed the various means by which a criminal defendant can challenge the sufficiency of the evidence against him:
A criminal defendant has several procedural vehicles available to him for challenging the sufficiency of the case for the prosecution-the motion for directed verdict made at the end of the case for the prosecution, the request for a peremptory instruction at the end of all the evidence or the motion for a directed verdict at that point, or finally a motion for judgment of acquittal notwithstanding the verdict.
Hodges v. State, 743 So.2d 319, 325(¶ 36) (Miss.1999) (citation omitted). “When [an appellate court] reviews a denial of a directed verdict, it applies a de novo standard of review.” Branch v. State, 998 So.2d 411, 416(¶ 18) (Miss.2008) (citing Gilmer v. State, 955 So.2d 829, 833(¶ 5) (Miss.2007)). “In reviewing a denial of a motion for a directed verdict, if we determine the evidence points in favor of the defendant on any element of the offense such that a reasonable juror could not have found the defendant guilty beyond a reasonable doubt, we must reverse the conviction.” Id. (quoting Coleman v. State, 947 So.2d 878, 881(¶ 11) (Miss.2006)).
¶ 11. In his first assignment of error, Price argues that the circuit court erred in denying his motion for a directed verdict made at the conclusion of the State’s case and that the State failed to prove beyond a reasonable doubt that he was involved in taking any property from the victim on July 13, 2007. He asserts that the only evidence that led to his conviction was the testimony of his alleged accomplice, Buchannon. Price correctly notes that the testimony of an accomplice is to be viewed with “great caution and suspicion.” Walton v. State, 998 So.2d 971, 977(17) (Miss.2008) (quoting Strahan v. State, 729 So.2d 800, 805(20) (Miss.1998)). Price also correctly notes that only slight corroboration of an accomplice’s testimony is required to sustain a conviction. Hathorne v. State, 759 So.2d 1127, 1133(31) (Miss.1999). Price interprets Hathome to mean that where there is no corroboration, accomplice testimony is insufficient to sustain a conviction. Price concludes that Buchannon’s testimony was uncorroborated and that, as a result, his conviction should be reversed.
¶ 12. In response, the State argues that Price waived his motion for a directed verdict made at the close of the State’s case when Price introduced evidence on his own behalf. Specifically, the State argues that because Price did not renew his motion for a directed verdict at the close of all evidence, he is procedurally barred from challenging the sufficiency of the State’s evidence.
¶ 13. Generally, “[i]f a defendant puts on evidence in his own defense after the denial of his motion for directed verdict, he waives his challenge to the sufficiency of the State’s evidence up to that point.” Robinson v. State, 749 So.2d 1054, 1058-59(13) (Miss.1999) (citing Stringer v. State, 557 So.2d 796, 797 (Miss.1990)). Price did not renew his motion for a directed verdict at the end of all evidence. He filed a motion for a new trial. In the body of the motion, he sought a new trial or a judgment notwithstanding the verdict; however, in support of his contention that he should be granted a judgment notwith *586 standing the verdict, he simply stated that the court erred in overruling “motion for directed verdict at the conclusion of the State’s case.” In light of this fact, Price is procedurally barred from challenging the sufficiency of the State’s evidence. Accordingly, we decline to address this issue.

2. Weight of the Evidence

¶ 14. The standard of review for claims that a conviction is against the overwhelming weight of the evidence is stated as follows:
[An appellate court] must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction unconscionable injustice.
Valmain v. State, 5 So.3d 1079, 1086(¶ 30) (Miss.2009) (quoting Todd v. State, 806 So.2d 1086, 1090(¶ 11) (Miss.2001)). “There is a presumption that the judgment of the trial court is correct, and the burden is on the appellant to demonstrate some reversible error to [an appellate court].” Id. (quoting King v. State, 857 So.2d 702, 731 (¶ 104) (Miss.2003)).
¶ 15. Price asserts that the verdict is against the overwhelming weight of the evidence because the only incriminating evidence presented by the State-Buchan-non’s testimony-was uncorroborated and inconsistent. We disagree.
¶ 16. First, we find that Buchannon’s testimony regarding the events surrounding the theft of the four-wheelers was corroborated by several witnesses during the trial. Like Buchannon, Kuhn testified that the fence surrounding the Attala County property where the four-wheelers were stored was cut. Deputy Blakely’s testimony that he found a four-wheeler thirty to forty yards from Price’s house corroborated Buchannon’s testimony that one of the four-wheelers was left there. Buchannon and Holmes stated that Price went with them to the Attala County property where the four-wheelers were located. Further, Eric and Curtis stated that they saw Price riding a green four-wheeler after the theft had occurred.
¶ 17. Second, “[i]t is a well-settled principle of law that issues of weight and credibility of [a] witnesses] testimony are within the sole province of the jury as fact-finder.” King v. State, 798 So.2d 1258, 1262(¶ 14) (Miss.2001) (citing Humphrey v. State, 759 So.2d 368, 387(¶ 60) (Miss.2000) (overruled on other grounds)). “The jury has a much better vantage point to view and assess the tone, mannerisms, and disposition of witnesses.” Id.
¶ 18. Here, the jury heard all of the witnesses’ versions of events surrounding the theft of the four-wheelers. Buchan-non’s testimony, along with the testimony of the other State’s witnesses, provides ample evidence to support Price’s conviction. Therefore, this issue is without merit.
¶ 19. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT OF CONVICTION OF GRAND LARCENY AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. It appears from the record that Buchannon is Price's friend, while Holmes is Price’s cousin.