IRVING, P. J.,
for the Court:
¶ 1. On July 27, 2010, Jeremy Cooley was convicted of felonious child abuse. The Copiah County Circuit Court sentenced Cooley to thirty years’ imprisonment to be served in the custody of the Mississippi Department of Corrections. Cooley filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Cooley appeals and argues that the circuit court erred in (1) admitting the testimony of the school nurse, (2) commenting on the availability of a witness during closing arguments, and (3) allowing testimony regarding a stun gun “test” performed by the police.
*212 ¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. Cooley lived in a trailer with his ex-wife, Lindsay Cooley, and his roommate, Norman Odom. J.D.,[1] Lindsay’s seven-year-old son from a previous relationship, also lived in the home. J.D. was developmentally delayed and mildly autistic. On November 9, 2009, J.D.’s teacher took him to the principal’s office because she was concerned about injuries that she had noticed on J.D.’s face, head, and neck. The principal asked the school nurse, Michelle Berch, to evaluate J.D.’s injuries. Nurse Berch testified that upon seeing J.D., she immediately noticed a quarter-sized bruise on his forehead, bruising on his left cheek and left ear, and a two-inch laceration on the top of his head. Nurse Berch then lifted J.D.’s shirt and found numerous burns on his stomach and back. Nurse Berch testified that when she asked J.D. what had happened he replied, “Jeremy did this” and “Click, click, burn him.”
¶ 4. Lindsay[2] testified that when Cooley returned home from work on November 8, 2009, he asked to speak to J.D. privately regarding an incident at school the previous week where J.D. had soiled his pants. According to Lindsay, Cooley sent her to the back bedroom and instructed her not to come out until he called for her. Lindsay testified that Cooley and J.D. were alone for approximately thirty minutes and that she did not hear J.D. scream or make any noise during that time. She testified that when she later saw J.D., she could tell that “something was wrong with him.” Additionally, she testified that she saw marks on J.D.’s face and a cut on his head. When she asked J.D. what had happened, he “shut down.” When she questioned Cooley, he told her it was “none of [her] business.” Lindsay testified that she had never seen Cooley as angry as he was that day.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. School Nurse’s Testimony

¶ 6. Cooley alleges that the circuit court erred in admitting Nurse Berch’s hearsay testimony regarding J.D.’s injuries. A circuit court’s decision regarding the admissibility of evidence is reviewed for abuse of discretion. Valmain v. State, 5 So.3d 1079, 1082 (¶ 9) (Miss.2009). However, we will not reverse a circuit court’s decision “unless the error adversely affects a substantial right of a party.” Hargett v. State, 62 So.3d 950, 953 (¶ 7) (Miss.2011) (citing Ladnier v. State, 878 So.2d 926, 933 (¶ 27) (Miss.2004)).
¶ 7. The Mississippi Supreme Court has held that statements identifying the perpetrator in a child-abuse case may be admitted under Rule 803(4) of the Mississippi Rules of Evidence.[3] Branch v. *213 State, 998 So.2d 411, 414 (¶ 10) (Miss.2008). However, before a victim’s statement regarding fault will be deemed admissible under Rule 803(4), it must satisfy a two-part test. Id. “First, the declarant’s motive in making the statement must be consistent with the purposes of promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment.” Id. (quoting Jones v. State, 606 So.2d 1051, 1056 (Miss.1992)). Our supreme court has further explained that statements “made by a child[-]abuse victim that the abuser is a member of the immediate household are reasonably pertinent to treatment, as treatment encompasses treating emotional and psychological injuries and is relevant to prevention.” Id. (quoting Jones, 606 So.2d at 1056-57).
¶ 8. We hold that Nurse Berch’s testimony, which included J.D.’s statement identifying Cooley as his abuser, was properly admitted under Rule 803(4). After observing injuries on J.D.’s face, head, and neck, the school principal asked Nurse Berch to examine J.D. Nurse Berch performed further examination of J.D.’s back and stomach and noted numerous burn marks. After examining J.D., Nurse Berch asked him what had happened to him, and J.D. replied, “Jeremy did this.” J.D.’s statement was certainly consistent with the purpose of promoting treatment.
¶ 9. As for the second part of the test, our supreme court has held that “a child[-]abuse victim’s statement, which identifies an abuser as an immediate household member, is reasonably pertinent to treatment.” Branch, 998 So.2d at 415(¶ 12) (citing Jones, 606 So.2d at 1056-57). Our supreme court has further explained that the overriding concern when treating victims of child abuse is “ensuring] that a child is not returned to the environment that fostered, allowed, or permitted the abuse.” Valmain, 5 So.3d at 1084 (¶ 20) (quoting Hennington v. State, 702 So.2d 403, 414-15 (¶48) (Miss.1997)). Cooley was a member of J.D.’s immediate household; therefore, his statement to Nurse Berch was reasonably pertinent to his treatment and admissible under Rule 803(4). Consequently, the circuit court did not err in allowing Nurse Berch’s testimony. This issue is without merit.

2. Court’s Comments During Closing Argument

¶ 10. Cooley also alleges that the circuit court erred in commenting, during defense counsel’s closing argument, on a witness’s availability. During closing argument, the following exchange occurred:
[DEFENSE COUNSEL]: Now, if this child had been able to honestly tell you, [“]hey, that man did it, he’s guilty and you should punish him,[”] don’t you think that he would have been here? Do you realize that what we don’t have here is the victim?
[THE STATE]: Your honor, the victim can be called by either side.
[THE COURT]: That’s true, Counsel.
[DEFENSE COUNSEL]: He’s not here because-
[THE STATE]: Once again, they could have called the victim if they wanted to.
*214 [THE COURT]: This was a witness that was equally available to either side, Counsel.
[DEFENSE COUNSEL]: The bottom line is we don’t have any motive here. She can’t show any motive....
Cooley’s defense counsel failed to object to the circuit court’s comment regarding J.D.’s availability as a witness. Our supreme court has consistently held that “failure to make a contemporaneous objection constitutes waiver of an issue on appeal.” Derouen v. State, 994 So.2d 748, 751 (¶ 7) (Miss.2008). As such, this issue is procedurally barred. Id.
¶ 11. Procedural bar notwithstanding, Cooley’s assignment of error lacks merit. Notably, it was Cooley’s defense counsel who initially commented on the State’s failure to call the victim as a witness. Defense counsel’s comment during closing arguments invited a response from the State, and when defense counsel commented a second time on the State’s failure to call J.D. as a witness, the circuit court responded by pointing out that the victim was available to both parties as a witness. “A defendant cannot complain on appeal of alleged errors invited or induced by himself.” Spicer v. State, 921 So.2d 292, 307 (¶ 28) (Miss.2006) (quoting Caston v. State, 823 So.2d 473, 502 (¶ 101) (Miss.2002)). Accordingly, this issue lacks merit.

3. Admission of Stun Gun “Test”

¶ 12. Cooley argues that the circuit court erred in admitting the testimony of Chad Sills, an investigator with the Co-piah County Sheriffs Department. Prior to trial, Investigator Sills volunteered to be stunned by a stun gun similar to the one Cooley may have used to inflict J.D.’s injuries. Investigator Jerry Spell then photographed the marks left by the stun gun on Investigator Sills’s arm. At trial, Investigator Sills testified that he was stunned twice on his arm — once over his clothes and once on his bare skin.
¶ 13. Cooley admitted that he owned a stun gun; however, there was no evidence that J.D.’s injuries were inflicted by a stun gun. Dr. Scott Benton, an expert in pediatric forensics, testified that the injuries on J.D.’s chest, buttocks, neck, and thighs consisted of a repetitious pattern of discrete circular marks. Dr. Benton further opined that the circular marks were caused by “an object that contacted the body.” However, Dr. Benton never offered an opinion that J.D.’s injuries were caused by a stun gun.
¶ 14. We hold that the admission of Investigator Sills’s testimony regarding the stun gun “test” was error. Given the lack of evidence that J.D.’s injuries were caused by a stun gun, Investigator Sills’s testimony was irrelevant. However, “[w]here error involves the admission or exclusion of evidence, [an appellate court] ‘will not reverse unless the error adversely affects a substantial right of a party.’ ” Hargett, 62 So.3d at 953 (¶ 7) (quoting Ladnier, 878 So.2d at 933 (¶ 27)). We fail to see how admission of Investigator Sills’s testimony prejudiced Cooley, especially in light of the substantial evidence against him. Nurse Berch testified that when she asked J.D. what had happened to him, J.D. replied, “Jeremy did this.” Additionally, Lindsay testified that after she left J.D. with Cooley so that they could “talk privately,” she saw marks on J.D.’s face and a cut on his head. As such, we hold that the admission of Investigator Sills’s testimony was harmless error.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF FELONIOUS CHILD ABUSE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY *215 OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.

. In the interest of the victim’s privacy, the minor’s name has been substituted with fictitious initials.

. Lindsay was indicted along with Cooley for felonious child abuse; however, she pleaded guilty to a lesser charge that is not indicated in the record.

.Rule 803(4) provides that the following statements are exempted from the hearsay rule:
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment, regardless *213 of to whom the statements are made, or when the statements are made, if the court, in its discretion, affirmatively finds that the proffered statements were made under circumstances substantially indicating their trustworthiness. For purposes of this rule, the term "medical” refers to emotional and mental health as well as physical health.