MAXWELL, J.,
for the Court:
¶ 1. Lorenzo Miezao Murrill appeals his conviction for the armed robbery of a pizza-delivery man, challenging the weight of the evidence supporting his conviction. He argues the victim’s trial testimony about who robbed him was too inconsistent with an officer’s report and his pretrial statements.
¶ 2. After reviewing the evidence in the light most favorable to the verdict, we find the victim clearly testified at trial that Murrill snatched pizzas from him, while another man held a gun to the his head. Because it is the jury’s role to make credibility determinations and resolve any inconsistencies, we reject Murrill’s weight-of-the-evidenee challenge. We affirm.
Procedural History
¶ 3. On December 3, 2012, Murrill and Rico Riley were charged with the armed robbery[1] of a Domino’s pizza-delivery *592 man. Riley pled guilty, while Murrill sought a trial. After a one-day trial on May 20, 2013, the jury found Murrill guilty of armed robbery. The circuit judge sentenced Murrill to ten years, with five years suspended and five years of probation. Murrill’s motion for a judgment notwithstanding the verdict or for a new trial was denied, and Murrill appealed.
Trial Testimony and Other Evidence
I.The Victim’s Trial Testimony
¶ 4. On May 29, 2012, Keith Redmond was delivering pizzas for Domino’s Pizza in Clarksdale, Mississippi. That day an unnamed customer called in an order for three large pizzas and two fourteen-piece hot wings for delivery to 613 Leflore Street, Clarksdale, Mississippi. Redmond entered the order, and once it was ready drove the food to the residence.
¶ 5. According to Redmond, Murrill answered the door. Murrill then asked how much he owed. Redmond told him $49.50, and Murrill asked Redmond to wait while his friend was getting the money. While Redmond waited outside, he noticed the men were stalling to come up with the money. Riley then came to the door and said, “man, you could go on ... and let us get the pizza, man.” Redmond told him he needed the money to take to the store. At that point, Murrill and Redmond started “tussling with the bag a little bit.” And before Redmond knew it, Riley pointed a gun at his head. As Redmond put it, “when the gun came out, I just let the bag go” because “I’m not fixing to fight over no pizza.” Redmond’s trial testimony was clear that Riley was the gunman and Mur-rill stole the pizza from him.
¶ 6. Redmond immediately left and reported the robbery to his boss, who called the police. Shortly after, Redmond returned to the scene while officers investigated. On site, Redmond identified Riley from a six-picture lineup as the one who pointed the gun at his head.
II. Officer Hinton’s Incident Report
¶ 7. Officer Karl Hinton[2] was the first to arrive at the apartment complex. He took Redmond’s statement on the scene and wrote an incident report after talking to Redman. According to the report, “when [Redmond] went to the door[,] a black male came to the door.” The man said “he didn[’]t have enough money for the food.”' This person then said, “[m]an gone [sic] give us the food,” before running to the back and returning with a gun and demanding the food. “That’s when [Redmond] gave him the food with the bag and left.” The report noted the black male was “later identified as Rico Riley.” While the parties stipulated this report did not name Murrill, at trial Redmond clarified that Murrill was the person who stole the food from him.
III. Redmond’s Pretrial Statements
¶ 8. At some point after the robbery, Redmond gave two audio-recorded statements to police.[3] A transcript of one recording showed that when asked if “[t]he person ... [who] pointed the gun was standing at the door alone whenever he pointed the gun at you?” Redmond answered, “yes, sir.” But at trial, Redmond claimed, “[n]o, I didn’t say that, sir[,]” and the transcript was “wrong there.” Red *593 mond maintained if he did in fact say that, he was incorrect.
¶ 9. When asked to read from a transcript of another recorded statement Redmond had made, Redmond clarified that two men were involved:
A: [Redmond reading his recorded statement:] They was already opening the door. So when I got ... there and I had the bag in my hand, I approached him.... He was like[,] how much it was [sic]. I said [$49.50]. He said okay. That guy is going to get the money now. So I was still sitting there waiting. The guy just ... came up front ... with the gun. Bam. He put it up like almost close to my head and pointed it at my head. So I just gave him the bag and ran back to my car.
Q: ... [W]hen you state “he put it close to my head,” who [are] you referring to then?
A: Rico Riley.
Q: And then you say “I gave him the bag.” Who are you referring to then?
A: Lorenzo Murrill.
Q: So you’re referring to two different individuals in that statement?
A: Yes, sir.
¶ 10. 'As questioning at trial continued, Redmond again clarified that both men were involved — that “Lorenzo Murrill grabbed the pizza[,]” while Riley had a gun over his shoulder.
Discussion
The Verdict Was Not Against the Weight of the Evidence
¶ 11. Murrill’s appellate challenge is to the weight of the evidence supporting his armed-robbery conviction. He insists that the contradictory nature of the police report and Redmond’s pretrial statements and trial testimony require reversal. We disagree.
¶ 12. A motion for a new trial challenges the weight of the evidence. Grossley v. State, 127 So.3d 1143, 1149 (¶ 19) (Miss.Ct.App.2013) (citing Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005)). A new trial will be granted “only in exceptional cases in which the evidence preponderates heavily against the verdict.” Id. This court views “the evidence in the light most favorable to the verdict and ‘will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Id. (quoting Bush, 895 So.2d at 844 (¶ 18)).
¶ 13. Murrill insists Riley was the only person involved in the robbery. As support, he points to Officer Hinton’s incident report not listing him as a suspect — a report that objectively indicates the gunman was also the robber. As Murrill sees it, Redmond must not have named Murrill as a suspect since Officer Hinton did not identify him in his report.
¶ 14. We find that while Officer Hinton’s report did not mention who took the pizza from Redmond, Redmond later explained at trial that Murrill “grabbed” the pizza and Riley was the gunman. Redmond clarified this point at trial at least three times. Issues like this involving “weight and credibility of a witness’s testimony are within the sole province of the jury as fact-finder.” Id. at (¶ 21) (quoting Price v. State, 23 So.3d 582, 586 (¶ 17) (Miss.Ct.App.2009)). Here, the jury found Redmond’s trial testimony — that Murrill was involved in the robbery — was credible. And it resolved any potential confusion or conflicts in the State’s favor. Viewing the evidence in a light most favorable to the verdict, we find the verdict was not against the weight of the evidence. We affirm.
*594 ¶ 15. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TEN YEARS, WITH FIVE YEARS SUSPENDED, TO RUN CONSECUTIVELY TO ANY SENTENCES PREVIOUSLY IMPOSED, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FOLLOWED BY FIVE YEARS OF PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.

. "Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person *592 or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery!.]” Miss.Code Ann. § 97-3-79 (Rev.2014).

. Officer Hinton did not testify at trial.

. Neither recording was entered into evidence, but both were marked for identification.